**HABBA MADAIO & ASSOCIATES LLP**
Alina Habba, Esq.
N.J. Bar Number 018592010
1430 US Highway 206, Suite 240
Bedminster, NJ 07921
(908) 869-1188
ahabba@habbalaw.com
*Counsel for Plaintiff, Caesar DePaco*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CAESAR DEPACO,**<br><br>                    **Plaintiff,**<br><br>    v.<br><br>**COFINA MEDIA, SA, REVISTA SABADO, ALEXANDRE JOSE RIBEIRO MALHADO, EDUARDO DAMASO, JOHN DOES 1 through 10, said names being fictitious and unknown persons, and ABC CORPORATIONS 1 through 10, said names being fictious and unknown entities,**<br><br>                    **Defendants.** | **CIVIL ACTION NO.: 3:21-cv-14409**<br><br>**AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Caesar DePaco, by and through his undersigned attorneys, Habba Madaio & Associates LLP, commences this action against the above-named defendants and alleges as follows:

### **PARTIES**

1. Plaintiff, Caesar DePaco ("Plaintiff"), is an individual residing in the County of Somerset in the State of New Jersey.

2. Defendant, Cofina Media, SA ("Cofina Media") is a foreign corporate entity with its principal place of business in Portugal and, doing business in the State of New Jersey, and, upon information and belief, the owner and/or parent company of defendant, Revista Sabado.

1

3. Defendant, Revista Sabado ("Revista Sabado") is a foreign corporation with its principal place of business in Portugal and, upon information and belief, doing business in the State of New Jersey.

4. Defendant, Alexandre Jose Ribeiro Malhado ("Malhado") is a citizen of Portugal and, upon information and belief, a journalist for Revista Sabado and/or Cofina Media.

5. Defendant, Eduardo DeMaso ("DeMaso") is a citizen of Portugal and, upon information and belief, the director of Cofina Media.

6. Defendants, John Does 1 through 10, are individuals whose identities are presently unknown to Plaintiff, including, but not limited to, publishers, editors, journalists, officers, managers, owners, principals, employees, agents and/or other duly authorized individuals who caused or contributed to the incident or incidents for which Plaintiff seeks damages, and/or are vicariously and/or otherwise liable for the acts, commissions, or other culpable conduct of those who did cause or contribute to the incidents alleged.

7. Defendants, ABC Corporations 1 through 10, are corporate entities presently unidentifiable to Plaintiff, including, but not limited to, media companies, publication companies, editorial companies, and/or other duly authorized corporate entities who caused or contributed to the incident or incidents for which Plaintiff seeks damages, and/or are vicariously and/or otherwise liable for the acts, commissions, or other culpable conduct of those who did cause or contribute to the incidents alleged.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) by virtue of the diversity of citizenship of Plaintiff, a citizen of the State of New Jersey, and

Defendants, citizens of a foreign state, and the amount in controversy, which exceeds Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because at least one Plaintiff resides in this District and a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this District. In the alternative, to the extent 28 U.S.C. § 1391(b)(2) is not applicable, Venue is proper in accordance with 28 U.S.C. § 1391(b)(3).

## FACTS COMMON TO ALL COUNTS

10. Revista Sabado is a Portuguese weekly paper magazine with a circulation of about 70,000 paper copies in addition to online dissemination of news articles through the internet.

11. On or about March 11, 2021, Defendants published and/or caused to be published a news report entitled "The security schemes of Chega's financier" (the "Story").

12. The Story was published on pages 18 and 19 of the Revista Sabado magazine and was credited to Revista Sabado journalist, Malhado

13. The Story contains numerous false, misleading and defamatory statements about Plaintiff, including, but not limited to, the following:

   a. Plaintiff is the "main financier" of the Chega! ("Chega") party, a far-right political party that is widely considered to hold xenophobic and racist views.

   b. Plaintiff is a "sympathizer or supporter" of Chega.

   c. Plaintiff engages in criminal activity and illegal forms of intimidation to collect debts.

   d. Plaintiff hired an individual named Joao Vidal, under the guise of a "driver," for the purpose of "settling accounts, threats" at Plaintiff's "behest."

   e. Plaintiff is a "dangerous individual" who can "put [a] life in danger."

    f.    Plaintiff has a "fixation on being surrounded by security forces" who he utilizes to "threaten and settle scores."

    g.    Plaintiff was a "witness" in the criminal trial of Mr. Vidal.

14.    The foregoing statements in Paragraph 13 are false, misleading, and highly defamatory to Plaintiff.

15.    Plaintiff is not, and has never been, a "financier" of Chega, much less the "main financier."

16.    Plaintiff has never made a financial contribution to Chega with the exception of a one-time donation within the permitted legal limit.

17.    Therefore, Defendants' statement that Plaintiff is the "main financier" of Chega is demonstrably false and was made without a scintilla of supporting evidence.

18.    Further, Plaintiff does not engage in any criminal activity and does not employ illegal intimidation method to collect debts.

19.    Plaintiff hired Mr. Vidal as a driver and not for the purpose of "settling accounts, threats."

20.    Plaintiff does not, nor has he at any time, had security forces under his employ.

21.    Plaintiff does not utilize security forces, or any individuals for that matter, to "threaten and settle scores."

22.    Further, the characterization of Plaintiff as a "dangerous individual" is a complete fabrication with no basis in fact and merely an unsubstantiated attack on Plaintiff's character.

23.    As set forth herein, the false statements, misrepresentations and innuendo set forth by Defendants in the Story, are highly damaging and defamatory to Plaintiff.

24. Defendants were aware, or should have been aware, that their misleading, false and defamatory statements would cause substantial harm to Plaintiff.

25. Nonetheless, Defendants proceeded to publish the false, misleading and defamatory statements contained in the Story, knowing that they would cause substantial harm to Plaintiff.

26. Defendants published these statements knowingly that they were false or made them with reckless disregard for the truth.

27. As a direct and/or proximate result of Defendants' actions and their dissemination of egregious falsehoods, Plaintiff has suffered substantial harm, including, but not limited to, dismissal from his position as Honorary Consul of Cape Verde, tarnished reputation, economic injury, loss of economic advantage, loss of profits, depiction in a false light and damage to public image.

## COUNT I
## (DEFAMATION AND DEFAMATION *PER SE*)

28. Plaintiff re-asserts and re-alleges the allegations contained within the preceding paragraphs as if set forth at length herein.

29. Defendants published false and defamatory statements regarding Plaintiff, as fully set forth in this Complaint, including, but not limited to, those statements set forth in Paragraph 13.

30. Defendants' false statements were published through Revista Sabado and circulated internationally.

31. Defendants' false statements were of and concerning Plaintiff.

32. Defendants' conduct in publishing the false statements was, at a minimum, negligent.

33. To the extent actual malice is required to be pleaded and proven, Defendants made the false statements either knowing that the statements were false or with reckless disregard for the truth of the matter contained in the false statements.

34. Defendants' false statements are not protected by any privilege or authorization.

35. Defendants' conduct was willful, malicious, and oppressive, in that Defendants knew that the false statements would cause significant harm to Plaintiff. As such, in addition to compensatory damages and/or presumed damages, Plaintiff demands punitive damages relating to Defendants' publication and maintenance of the above-referenced false statements, in an amount to be determined at trial.

36. In addition, Defendants' false statements accuse Plaintiff of committing a crime by stating that he has engaged in and/or directed others to engage in illegal means of intimidation and coercion to collect payments, which, in and of itself, is defamation *per se*.

37. Defendants' false and defamatory statements constitute defamation and/or defamation per se.

38. In addition, Plaintiff has incurred special harm as a direct result of the false statements, including, but not limited to, his dismissal from his position as Honorary Consul of Cape Verde.

39. Whether by defamation, defamation per se or by special harm, Plaintiff has incurred, is suffering and will continue to suffer damages.

40. Plaintiff is entitled to damages, costs, and fees as permitted by law.

## COUNT II
## (FALSE LIGHT)

41. Plaintiff re-asserts and re-alleges the allegations contained within the preceding paragraphs as if set forth at length herein.

42. Defendants published and disseminated the false statements set forth in Paragraph 13 through Revista Sabado, which was circulated to the public internationally by print and digital media.

43. Defendants' false and defamatory publicized statements are of and concerning Plaintiff.

44. Defendants knew or should have known that their publicized statements were false and would place Plaintiff in a false light and/or acted with reckless disregard as to whether the publicized statements were false and the false impression created by their publication of same.

45. Defendants' publicized statements misrepresented Plaintiff's character, history and beliefs to such a degree that a reasonable person would find the statements highly offensive.

46. Defendant's publicized statements placed Plaintiff in a false light and, as a direct result thereof, caused Plaintiff to incur, and continue to incur, damages.

47. Plaintiff is entitled to damages, costs, and attorneys' fees as permitted by law.

## COUNT III
## (TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE)

48. Plaintiff re-asserts and re-alleges the allegations contained within the preceding paragraphs as if set forth at length herein.

49. At all relevant times, Plaintiff has had protected interests in his serving in his position as Honorary Consul of Cape Verde as well as in his other business relationships and dealings, including in his position as owner of Summit Nutritional International and other business endeavors.

50. Defendants knew of these protected interests in Plaintiff's advantageous business and potential business relationships.

51. Under the guise of journalism, Defendants intentionally, wrongfully and without justification disseminated false and defamatory statements about Plaintiff and viciously attacked and defamed Plaintiff's character for the purpose of causing Plaintiff to lose his position as Honorary Consul of Cape Verde and otherwise interfere with and/or harm Plaintiff's business relationships and potential business relationships.

52. As a result of Defendants' false and defamatory statements, Plaintiff was dismissed from his position as Honorary Consul of Cape Verde, his reputation has been tarnished, and customers, dealers, suppliers, and other business associates of Plaintiff have refused to do business with him and/or his companies.

53. The aforementioned business opportunities were reasonably likely to have occurred but for Defendants' interference, resulting in damage to Plaintiff in the form of tarnished reputation, loss of good will, and loss of profits and/or business opportunities.

54. Defendants acted maliciously and in bad faith in disseminating their false and defamatory statements and intentionally and tortiously interfered with Plaintiff's business relationships.

55. Defendants made the false statements knowing that they were false and/or misleading when made and did so for the purpose of intentionally interfering with Plaintiff's service in his position of Honorary Consul of Cape Verde and harming his other business relations and opportunities.

56. Defendants' conduct constitutes tortious interference with economic advantage.

57. As a direct and proximate result of the tortious interference of Defendants, Plaintiff has incurred, and will continue to incur, damages.

58. Plaintiff is entitled to damages, costs, and attorneys' fees as permitted by law.

## COUNT IV
## (LIBEL AND LIBEL *PER SE*)

59. Plaintiff re-asserts and re-alleges the allegations contained within the preceding paragraphs as if set forth at length herein.

60. Defendants' conduct in publishing in writing the false statements was, at a minimum, negligent.

61. To the extent actual malice is required to be pleaded and proven, Defendants made the false statements either knowing that the statements were false or with reckless disregard for the truth of the matter contained in the false statements.

62. Defendants' conduct was willful, malicious, and oppressive, in that Defendants knew that the false statements would cause significant harm to Plaintiff. As such, in addition to compensatory damages and/or presumed damages, Plaintiff demands punitive damages relating to Defendants' publication and maintenance of the above-referenced false statements, in an amount to be determined at trial.

63. In addition, Defendants' false statements accuse Plaintiff of committing a crime by stating that he has engaged in and/or directed other to engage in illegal means of intimidation and coercion to collect payments, which, in and of itself, is libel *per se*.

64. Defendants' false and defamatory statements constitute libel and/or libel per se.

65. Plaintiff is entitled to damages, costs, and attorneys' fees as permitted by law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment as follows:

   a. Injunctive relief requiring Defendants to rescind and retract all of the false statements made against Plaintiff;

b. Awarding Plaintiff actual, compensatory and consequential damages against all of the Defendants, joint and severally, in an amount to be determined at trial;

c. Awarding Plaintiff punitive damages against all of the Defendants, jointly and severally, in an amount to be determined at trial;

d. Enjoining Defendants from continuing their unlawful conduct, including but not limited to, enjoining Defendants from making the false statements complained of herein;

e. Awarding Plaintiff his attorneys' fees, costs, and disbursements; and

f. For such other relief as the Court deems equitable, just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury of any issue so triable as of right pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: August 9, 2021

By: /s/ Alina Habba
Alina Habba, Esq.
HABBA MADAIO & ASSOCIATES LLP
*Counsel for Plaintiff, Caesar DePaco*
1430 U.S. Highway 206, Suite 240
Bedminster, NJ 07921
(908) 869-1188
ahabba@habbalaw.com

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

     I hereby certify that to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding with the exception of a criminal action pending in the country of Portugal in which the parties are as follows: Cesar DePaco (plaintiff), Cofina Media (defendant), Alexandre Jose Ribeiro Malhado (defendant), and Eduardo Damaso (defendant).

Dated: August 9, 2021                        By: _____
                                                    Alina Habba, Esq.
                                                    HABBA MADAIO & ASSOCIATES LLP
                                                    *Counsel for Plaintiff, Caesar DePaco*
                                                    1430 U.S. Highway 206, Suite 240
                                                    Bedminster, NJ 07921
                                                    (908) 869-1188
                                                    ahabba@habbalaw.com

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1**

I hereby certify pursuant to Local Arbitration Rule, L. Civ. R. 201.1(d)(1) that the above-captioned action is not subject to compulsory arbitration because the damages sought by Plaintiff are in excess of $150,000.00, exclusive of interest and costs and any claim for punitive damages.

Dated: August 9, 2021                           By: /s/ Alina Habba
                                                Alina Habba, Esq.
                                                HABBA MADAIO & ASSOCIATES LLP
                                                *Counsel for Plaintiff, Caesar DePaco*
                                                1430 U.S. Highway 206, Suite 240
                                                Bedminster, NJ 07921
                                                (908) 869-1188
                                                ahabba@habbalaw.com